ALLEMAN, Assignee, etc., *v.* KNEEDLER.*

*(Circuit Court, E. D. Pennsylvania. April 28, 1880.)*

BANKRUPTCY—FRAUDULENT CONVEYANCE—GRANTEE TAKING TITLE FOR ACCOMMODATION OF THIRD PERSON—ABSENCE OF FRAUDULENT INTENT.—Where the grantee in a conveyance made by an insolvent debtor in fraud of the bankrupt act takes the title merely at the request of and in trust for a third person, and derives no profit from the transaction, he is not liable to the assignee in bankruptcy for the value of the land unless he not only knew of the insolvency, but also shared the bankrupt's intent to defeat the bankrupt act.

Bill in equity by the assignee in bankruptcy of John Ramsey against Walter S. Kneedler to recover the value of property alleged to have been fraudulently conveyed by the

*Prepared by Frank P. Prichard, Esq., of the Philadelphia Bar.

bankrupt to respondent, and subsequently sold by the latter. An answer was filed denying the fraud, and the case was referred to an exar·'ner to take testimony.

The testimony on behalf of complainants was to the effect that in August, 1875, Ramsey became insolvent; that his personal property was sold at that time at sheriff's sale, under an execution against him, and that the respondent attended the sale; that on September 1, 1875, Ramsey conveyed to respondent for the nominal consideration of $1,500 a lot of ground and building worth $4,000 above a ground rent which was upon it; that on October 6, 1875, a petition in bankruptcy was filed against Ramsey, under which he was adjudicated a bankrupt; that afterwards, upon a demand being made by the assignee for a reconveyance of the real estate, respondent had said that Ramsey had come to him and wanted him to take a deed for the property, because if he did not take it his (Ramsey's) creditors would get it, and that he (Ramsey) preferred that respondent should have it; that respondent had also admitted that he paid no consideration for the property.

The testimony on behalf of respondent was to the effect that about September, 1875, Ramsey requested Solomon A. Kneedler, the father of respondent, to purchase the property, and that the latter agreed to purchase it for $1,500; that Solomon A. Kneedler then applied to respondent to allow title to be taken in the latter's name, and respondent consenting, a deed was executed to him, but that he paid no consideration and took the title merely in trust for his father; that Solomon A. Kneedler then employed a conveyancer to make searches, when it was discovered that there were arrearages of ground rent, taxes, etc., against the property amounting to more than $1,500.; that Ramsey then agreed that Solomon A. Kneedler should have the property for the arrearages, that subsequently and more than a year before the filing of this bill, respondent, at Solomon A. Kneedler's request, and to enable the latter to rebuild, conveyed the property, without consideration, to one Newcomer, in five lots, and received from Newcomer five mortgages, one on each

lot; that he subsequently, at his father's request and for his father's benefit, assigned or satisfied all of these mortgages except one, which was given to him by his father in exchange for building material. Respondent denied any knowledge of Ramsey's insolvency, or that he had said that Ramsey desired him to take the property because otherwise the creditors would get it. He alleged that he had received no profit from the transaction, but had merely allowed his name to be used for his father's accommodation.

*Isaac S. Sharp,* for complainant.

*Francis E. Brewster,* for respondent.

McKENNAN, C. J. The complainant is the assignee in bankruptcy of John Ramsey, and now seeks to recover from the respondent the value of certain real estate conveyed to him by the bankrupt in alleged fraud of the bankrupt law.

The respondent was not a creditor of the bankrupt, but took a conveyance from him of the real estate described in the bill as a mere intermediary, at the instance of Solomon A. Kneedler, his father, who purchased it from Ramsey, and by whose direction the respondent conveyed it to one Newcomer more than a year before the filing of this bill. It is apparent that he derived no direct benefit from the transaction, if there was any profit to any of the parties to it, and that he can be held liable only upon clear proof of his complicity with the bankrupt in the fraud charged in the bill. The elements of this fraud are—*First,* the insolvency of the bankrupt at the date of the conveyance; *second,* reasonable cause to know this fact by the respondent; and, *third,* an intent by the bankrupt and the respondent to defeat the operation of the bankrupt law, by preventing the property conveyed from being appropriated to the benefit of the bankrupt's creditors, or to hinder, delay and defeat them.

Of the insolvency of the bankrupt at the date of the conveyance there is no doubt. Whether the respondent actually knew it may fairly be doubted, but that he had knowledge of facts from which the bankrupt's condition ought to have been inferred, may be assumed as proved. That he shared the bankrupt's intent to defeat the operation of the bankrupt law,

v.2,no.8—43

is more than a questionable resultant from all the proofs in the case. We have examined them carefully since the argument, and our estimate of their import is that they fall short of establishing an illegal intent on the part of the respondent in taking a conveyance from the bankrupt.

We do not deem an analysis of the proofs necessary. It is enough to say that they are insufficient to make out a fact essential to the complainant's right to a decree, and his bill must be dismissed, with costs.